IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROLYN JUNE WILLIAMS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 18-CV-86-JHP |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ex rel. CHICKASAW NATION ) | |
| MEDICAL CENTER ) | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Carolyn June Williams, for her claim against Defendant United States of America ex rel. Chickasaw Nation Medical Center, states the following:

### JURISDICTION AND VENUE

1. This is a medical malpractice claim involving substandard care provided to the Plaintiff during and after a ventral hernia repair surgery performed at the Chickasaw Nation Medical Center (CNMC) by its staff, agents, apparent agents and/or ostensible agents, all of whom provide health care under and operate as part of the Indian Health Service agencies of the United States Department of Health and Human Services.

2. Plaintiff is a citizen and resident of the State of Oklahoma, and venue is proper in this District under 28 U.S.C. § 1402(B) in that Plaintiff resided within Pontotoc County at the time of this event and/or the acts giving rise to this claim occurred within this District in Pontotoc County, Ada, Oklahoma.

3. The United States of America is a defendant in its capacity as the responsible entity

pursuant to the Federal Tort Claims Act, 25 U.S.C. §450f, *et. seq.* and 28 U.S.C. §2671, *et. seq.,* (FTCA) for the actions of the Chickasaw Nation Medical Center located in Ada, Oklahoma and for the agents and employees of the CNMC.

4. This Court has jurisdiction of the matter pursuant to 28 U.S.C. §2671, *et. seq.,* and to supplemental jurisdiction conferred upon this Court pursuant to 28 U.S.C. § 1367(a).

5. Plaintiff timely complied with the administrative procedures and requirements of the FTCA prior to the filing of this Complaint, and venue is appropriate. The United States, by and through the Health and Human Services, Office of the General Counsel, responded to Plaintiff's claim and advised the claim was received in the Claims Office for consideration and reply. Thereafter, Plaintiff's counsel provided the requested substantiating evidence to the Claims Office. Before proceeding to file this Complaint, Plaintiff's counsel communicated via United States Postal Service, email, and phone with the Office of General Counsel to obtain the status of claim consideration and review. Sometime thereafter, Plaintiff's counsel received written notice from the Claims Office advising that the claim was denied, and advised Plaintiff of her entitled rights. With this advisement, and having fully exhausted her administrative remedies, Plaintiff is timely filing suit.

## FACTS

6. On April 2, 2015 Plaintiff went to the CNMC Emergency Room because of pain in the abdomen area. The emergency room physician made an in house urgent referral to Dr. Andrew L. Stevens for a hernia repair surgery to be performed within the following six weeks.

7. On April 10, 2015, Plaintiff returned to the CNMC Emergency Room because of increasing pain in the abdomen area. Plaintiff was admitted and discharged the following day with instructions to keep her surgery appointment.

8. On May 5, 2015 Plaintiff was seen by Dr. Andrew L. Stevens for a "surgery consult" regarding the repair of the ventral hernia surgery recommendation by the emergency room physician. Dr. Stevens set the "ventral hernia repair with mesh" surgery for the next available surgery date, which was May 15, 2015.

9. Plaintiff was admitted into the CNMC in Ada, Oklahoma on May 15, 2015 and underwent a ventral hernia repair surgery (May 15, 2015 initial surgery). The surgery was performed by Dr. Andrew L. Stevens (MD) unassisted. Plaintiff was subsequently discharged.

10. On May 20, 2015, Plaintiff returned to the CNMC with severe abdominal pain and drainage of abscess fluid (succus material) from her ventral hernia repair surgery incision site.

11. On May 21, 2015 Dr. Stevens performed emergency "wound exploration and mesh removal" surgery (May 21, 2015 emergency surgery) on Plaintiff in an effort to determine why the previous hernia repair surgery, also performed by Dr. Stevens, resulted in abscess drainage, swelling, and severe pain to Plaintiff.

12. During the May 21, 2015 emergency surgery "all stitches holding the mesh in place were cut, and the stitches and the mesh itself were then removed." Upon further investigation, Dr. Stevens discovered the May 15, 2015 initial surgery resulted in an enterotomy to Plaintiff's small bowel, which was the cause of the abscess and "succus material" drainage from the first surgery incision site to repair the ventral hernia and the extreme pain Plaintiff endured as a result. Dr. Stevens repaired or attempted to repair the negligently caused enterotomy in the "standard fashion."

13. After the emergency surgery on May 21, 2015 that should have remedied all issues with Plaintiff's small bowel and other injuries related to the negligently utilized and placed mesh, Plaintiff was still experiencing pain in her lower right quad (abdomen area) because Dr. Stevens'

actions and conduct that was a clear departure from the required acceptable standard of care, equating to negligence. Plaintiff initially thought she had suffered another hernia. The pain continued to increase in intensity until on or about October 20, 2015 Plaintiff was forced to seek medical attention at the Wewoka Indian Health Clinic, in Wewoka, Oklahoma because of the extreme pain. After reviewing the results of the Plaintiff's CT scan, the Wewoka Clinic advised Plaintiff to return to the CNMC for further treatment. Plaintiff did as she was advised and went to the CNMC for a follow-up examination. The CNMC informed Plaintiff that another surgery was necessary. Plaintiff had lost confidence in the CNMC and insisted that she be referred to an outside physician because of the extreme pain Plaintiff experienced as a result of the previous medical treatment she received from the CNMC. On October 22, 2015 the CNMC referred Plaintiff to Integris Baptist Hospital in Oklahoma City, Oklahoma.

14.     Plaintiff was then seen at Integris Baptist Hospital (Integris) where the attending physician, Dr. Loyal Richard Stierlen, immediately scheduled Plaintiff for surgery to be performed the following day October 23, 2015 for what appeared to be a hernia. During surgery, however, Dr. Stierlen observed that Plaintiff "did not really have a hernia, but more of an eventration of a previously placed biologic mesh" and "extensive adhesions to her right lower quadrant to her mesh." There were significant adhesions to Plaintiff's small bowel and an eventration because of the carelessness, recklessness, and/or negligent standard of care employed by Dr. Stevens at the CNMC resulting in inadequate medical care that was below the acceptable standard of care and directly caused such conditions discovered by Integris.

15.     Dr. Stierlen also found another enterotomy that was carelessly, recklessly, and/or negligently caused *and* overlooked by the CNMC Physician during the May 15, 2015 initial surgery to repair the Plaintiff's ventral hernia and/or during the May 21, 2015 emergency surgery

because the actions and non-actions of medical personnel, agents and employees of the defendant were below the acceptable standard of care and directly caused Plaintiff to suffer an enterotomy and caused Dr. Stevens to overlook another enterotomy caused by his negligent medical care.

16. In short, Plaintiff underwent surgery to repair a ventral hernia at the CNMC. Over the following week, Plaintiff experienced extreme pain and succus material drainage from the surgery incision site. Plaintiff returned to the CNMC emergency room about a week later and was admitted for emergency and exploratory surgery. The CNMC surgeon conducted an abominable wash out, removed mesh, discovered, and allegedly repaired, an enterotomy that was causing the succus drainage and abscess and the Plaintiff was subsequently discharged from the CNMC. Plaintiff experienced pain that increased to the point that Plaintiff sought medical attention at the Wewoka Indian Health Clinic in October 2015 where Plaintiff was directed to get a follow-up examination at the CNMC. Plaintiff did as advised and the CNMC informed Plaintiff that she would have to have another surgery. Plaintiff insisted that the CNMC refer her to an outside physician because of the extreme pain Plaintiff was suffering from up to that point as a result of the medical treatment Plaintiff received from CNMC that fell below the acceptable standard of care.

Plaintiff was sent to Integris Baptist Medical Center where she was immediately scheduled for surgery. During that surgery the Integris surgeon discovered an eventration of the previously placed biologic mesh by the CNMC and extensive adhesions to Plaintiff's right lower quadrant to her mesh. Further, there were significant adhesions to Plaintiff's small bowel as well as an additional enterotomy of Plaintiff's small bowel that was overlooked and/or caused by the CNMC's Dr. Stevens' negligent acts and inactions. These medical issues and conditions would not have occurred after two surgeries (two attempts) conducted by the CNMC physician but for

the negligent, reckless, and/or careless conduct of Dr. Stevens that was below the acceptable standard of care resulting in Plaintiff suffering injury and pain.

18. The CNMC physician failed to possess and exercise the degree of knowledge, skill and care ordinarily possessed and exercised by other physicians engaged in the profession and in providing medical services, constituting medical malpractice. By such negligent conduct, the CNMC physician breached the duty of care he owed to Plaintiff as Plaintiff's attending physician. The injuries to Plaintiff were proximately caused by the carelessness, recklessness, and/or negligence of the CNMC physician in failing to comply with federal, state, and local standards of care in the diagnosing and treatment of Plaintiff on two separate occasions. As a proximate result of the aforesaid and Dr. Stevens' careless, reckless, and/or negligent conduct, Plaintiff suffered enterotomies, eventration of mesh, extensive adhesions of Plaintiff's right lower quadrant to her mesh, had to endure three surgeries, to date (not including initial surgery), and experiences constant extreme pain. Moreover, the biologic mesh was utilized and/or placed in a manner that was careless, reckless, and/or negligent because Dr. Stevens failed to possess and exercise the degree of knowledge, skill and care ordinarily possessed and exercised by other physicians engaged in the profession and in providing medical services. Said carelessness, recklessness, and/or negligence, was the proximate cause of the mental and physical pain and suffering of Plaintiff. Additionally, Plaintiff has been prevented from providing necessary help to her disabled father whom relies on Plaintiff causing additional mental anguish from the inability to provide help to her father. Further, Plaintiff will likely never fully recover.

## CLAIMS FOR RELIEF

19. On May 15, 2015, Defendants, by and through their agents and/or employees, negligently rendered treatment below acceptable medical standards which caused the undue

bodily harm and injury of Carolyn June Williams.

20. On May 15, 2015, Defendants, by and through their agents and/or employees, negligently failed during Plaintiff's Ventral Hernia Repair causing an enterotomy to her small bowel; thereby causing Plaintiff to suffer severe pain and suffering and drainage of succus fluids.

21. On May 20, 2015, Defendants, by and through their agents and/or employees, negligently rendered treatment below acceptable medical standards by overlooking and/or causing additional enterotomies and excessive adhesions of the mesh to Plaintiff's small bowel resulting in the need for Plaintiff to undergo an emergency surgery and two follow up surgeries, to date.

22. On or about May 15, 2015 and May 21, 2015, Carolyn June Williams sustained injuries as set forth herein, resulting from an act, omission or instrumentality which was under the exclusive control and management of the Defendants; that the events causing her injuries or damages were of a kind which ordinarily do not occur in the absence of negligence on the part of the Defendants.

23. At the time of the medical care and treatment provided to Plaintiff, Dr. Andrew L. Stevens, M.D., was privileged, credentialed and otherwise entrusted to provide medical care and treatment to patients of CNMC.

24. Defendant, CNMC was negligent in retaining, supervising, privileging and otherwise entrusting the care and treatment of its patients to Dr. Andrew L. Stevens M.D., and as a result, Plaintiff suffered the damages set forth herein.

25. As a result of Defendants' negligence and other wrongful conduct, Plaintiff sustained conscious pain and suffering, and irreversible personal injuries resulting in her ongoing

health issues.

26. At all times material hereto, Dr. Andrew L. Stevens, M.D., is the ostensible agent and/or employee of Defendant, CNMC, and therefore it is vicariously liable for the physician's negligence and the resulting damages.

27. Plaintiff adopts and re-pleads the allegations stated above, and further allege that Defendant is liable for the following damages: (a) medical expenses; (b) mental pain and anguish suffered by the Plaintiff; (c) grief and loss of the ability to work and adequately provide for herself; (d) physical pain and suffering; (e) loss of enjoyment of life; (f) loss of quality of life; (g) impaired physical condition; and (h) disfigurement, exclusive of interest, attorneys' fees and costs.

WHEREFORE, Plaintiff seeks judgment against Defendants for damages in an amount up to her claim presented pursuant to and in compliance with the Federal Tort Claims Act in the amount of two million five hundred thousand dollars ($2,500,000.00), plus costs, interest and any other relief the Court deems equitable and just.

Respectfully Submitted,

/s/ *Matthew Gore*

Matthew Gore, OBA# 21680
P.O. Box 1384-A
Ada, OK 74821-4911
580-399-5404 ph
1-800-881-2039 fax
**ATTORNEY FOR PLAINTIFF**

**ATTORNEY'S LIEN CLAIMED**